DRINKER BIDDLE & REATH LLP
Joseph C. Faucher (SBN 137353)
Joe.faucher@dbr.com
Ryan R. Salsig (SBN 250830)
Ryan.salsig@dbr.com
1800 Century Park East, Suite 1400
Los Angeles, California 90067
Tel: 310.203.4000; Fax: 310.229.1285

Theodore M. Becker (admitted *pro hac vice*)
theodore.becker@dbr.com
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606
Tel: 312.569.1301; Fax: 312.569.3301

Attorneys for Defendant GreatBanc Trust Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>GREATBANC TRUST COMPANY, et al.,<br><br>Defendants. | Case No. ED-CV12-1648-R (DTBx)<br><br>**PROTECTIVE ORDER** |

The Court having reviewed the Stipulation for Entry of Protective Order (the "Protective Order") and good cause appearing therefor:

IT IS ORDERED THAT a Protective Order shall be and hereby is entered in this case. The terms of the protective order are as follows:

1. **Scope of Order.** All documents and data produced in the course of discovery, all tangible things, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all responses to non-party subpoenas, and all deposition testimony and deposition exhibits, as well as all information contained therein or derived therefrom, and all copies, duplicates, extracts, excerpts, notes, summaries, or descriptions thereof (collectively "Discovery") shall be subject to this Order.

2. **Confidential Information**. "Confidential Information" as used herein means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Any party or non-party providing Discovery may designate Confidential Information pursuant to this Order.

3. **Qualified Persons**. "Qualified Persons," as used herein means:
   a. With respect to information designated as "Confidential"
      i. Retained counsel for the parties in this litigation and their respective staff, including but not limited to other counsel, paralegals, and legal assistants;
      ii. The United States Department of Labor, including attorneys and employees involved with the Department's investigation;

iii. Electronic discovery vendors and data processing personnel only to the extent that they may load information into and support the use of an electronic discovery review platform, litigation vendors, court reporters, videographers, and other litigation support personnel;

iv. Actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members or agents of parties or affiliates of parties) who, prior to any disclosure of Confidential Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (attached as Exhibit A) (such signed document to be maintained by the attorney retaining such person) and, with respect to testifying experts, have been designated in writing by notice to all counsel at least five (5) business days prior to any disclosure of Confidential Information to such persons, although in appropriate cases, parties may request a shortened pre-disclosure period and such request will not be unreasonably denied;

v. This Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

vi. The party, if a natural person;

vii. If the party is an entity, officers, directors, or employees of the party who are actively involved in the prosecution or defense of this case;

viii. Persons regarding whom the Confidential Information pertains;

      ix.    A person who in good faith a party believes was an author, addressee, or intended or authorized recipient of the Confidential Information;

      x.    A person who in good faith a party believes already has knowledge of the Confidential Information;

      xi.    Potential witnesses, experts, and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this litigation; and

      xii.    Non-parties who are testifying at a deposition in this litigation and their counsel who agree to keep the information confidential, provided that such persons may see the Confidential Information but may not retain a copy of the Confidential Information.

Prior to the disclosure of any Confidential Information to any individual entitled to review such information pursuant to subparagraph a(iii) and a(viii) – a(xii), such individual shall be provided with a copy of this Order, and he or she shall sign a document agreeing to be bound by the terms of this Protective Order (attached as Exhibit A), which shall be retained by the party or attorney obtaining it.

    b.    Such other person as this Court may designate after notice and an opportunity to be heard or to whom the Parties agree in writing.

4.    **Designation Criteria**

    a.    *Nonconfidential Information.* Confidential Information shall not include information that:

      i.    is lawfully in the public domain at the time of disclosure;

ii. lawfully becomes part of the public domain through no fault of the other party;

iii. the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

iv. lawfully comes into the receiving party's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b. *Confidential Information.* A party or non-party shall designate as Confidential Information only such information that the party or non-party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, website materials, and the like, shall not be designated as Confidential. Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, nonpublic technical information, nonpublic commercial information, proprietary financial information, operational data, business plans, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability. Correspondence and other communications between the parties or with non-parties may be designated as Confidential Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

5.  **Use of Confidential Information**. All Confidential Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall restrict a party's ability to use or disclose its own documents or proprietary information.

6.  **Marking of Documents**. Documents produced in this action may be designated by any party or non-party as Confidential Information by placing or affixing on the document or document image, in a location that does not obliterate or obscure any information from the source document, the word "Confidential." Files produced in native format shall be named with a sequential Bates number followed by the applicable Confidentiality designation and file extension.

7.  **Copies of Confidential Information.** All copies, duplicates, extracts, excerpts, notes, summaries, or descriptions of Confidential Information shall be immediately affixed with the appropriate designation of "Confidential" if such words do not already appear. To the extent that the receiving party subsequently generates any permitted copies of electronically stored information produced in native format, the receiving party shall ensure that all such copies are clearly designated with the appropriate confidentiality designation.

8.  **Documents Produced for Inspection Prior to Designation**. In the event documents are produced for inspection prior to designation, the documents shall be treated as "Confidential" during inspection. The party who inspected the documents shall treat any notes, summaries, or descriptions of any documents

produced for inspection at the party's facilities as "Confidential" until the documents have been copied and produced.

9. **Disclosure at Depositions**. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a non-party may be designated by any party or non-party, or their respective counsel, as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Any testimony which describes a document or data which has been designated as Confidential Information as described above shall also be deemed to be designated with the same level of Confidentiality as the produced document or data.

Any party or non-party may also designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than 30 days of receipt of the final transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter. Each party or non-party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the initial receipt of the final transcript. This section is subject to the provisions regarding unintentional disclosure.

Confidential Information may be used at the deposition of a fact witness only to the extent that the witness was an author, addressee, or intended or authorized recipient of the Confidential Information, was involved in the subject matter described therein, is employed by the party who produced the Confidential Information, or if the producing party or non-party consents to such disclosure.

Counsel for a party or a non-party shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

10. **Disclosure to Qualified Persons**. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

11. **Subpoenas or Other Demand for Information.** In the event of a receipt of a subpoena, document demand, similar legal process in another proceeding (including any proceeding before any court, arbitral panel, regulatory agency, law enforcement, or administrative body) or other disclosure compelled by law or court order seeking Confidential Information, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and the producing party may seek a protective order or confidential treatment of such information. The producing party bears the burden of opposing the subpoena, document demand, legal process, or order. Nothing herein shall be construed as requiring the recipient or anyone else covered by this Order to challenge or appeal any subpoena, document demand, legal process, or order requiring production of Confidential Information, or to subject itself to penalties for non-compliance with any subpoena, document demand, legal process or order.

12. **Retention of Copies During this Litigation**. Counsel for the parties shall take reasonable efforts to place all documents designated as "Confidential" in a secure environment. Any documents produced in this litigation, regardless of

classification, which are provided to Qualified Persons, shall be maintained only at the offices of such Qualified Person and only necessary working copies shall be made of any such documents. Copies of documents and exhibits containing Confidential Information may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

13. **Unintentional Disclosures**. Documents unintentionally produced without designation may be retroactively designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party. Unintentional disclosures of Confidential Information shall not be deemed to waive a party's or non-party's claim of confidentiality, in whole or in part, as to other material concerning the same or related subject matter. If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

14. **Consent to Disclosure and Use in Examination**. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each party or non-party designating the information as Confidential Information consents to such disclosure or, if the Court, after notice to all affected parties or non-parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such

information.

15. **Challenging the Designation**.

    a.  *Confidential Information*.  A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties and any affected non-party shall first meet and confer, discussing with particularity the material in question, the grounds for the challenge, and the grounds for asserting that the material is properly designated, and try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting party may move the Court for an order terminating the designated status of such information.  The parties agree to consent to a Court hearing via telephone, if a hearing proves necessary.  The burden of proving the propriety of the confidentiality designation made as to such information shall remain with the party or non-party asserting confidentiality.  The disputed information shall remain Confidential Information unless or until the Court orders otherwise.

    b.  *Qualified Person*.  In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the parties and any affected non-party shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting person may move the Court for an order denying the

Qualified Person candidate (a) status as a Qualified Person, or (b) access to particular Confidential Information.  The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm.  Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

16.  **Manner of Use in Proceedings**.  In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following:  (1) with the consent of the producing party or non-party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

17.  **Filing Under Seal**.  The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions and other papers filed under seal in this litigation that have been designated, in whole or in part, as Confidential Information by any party to this litigation consistent with the sealing requirements of the Court.

18.  **Return of Documents**.  Upon written request of the designating party or non-party made no later than one hundred twenty (120) days after conclusion of this litigation and any appeal related to it, and subject to a party or non-party's rights under any applicable law, regulation or directive to retain Confidential Information

or copies thereof, any Confidential Information in the possession of any of the persons specified in paragraph 3 (except subparagraph 3(a)(v)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information was used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, pleadings, motion papers, trial, deposition transcripts and exhibits, hearing transcripts and exhibits, legal memoranda, correspondence, expert reports, and consultant and expert work product, even if such materials contain Confidential Information or references thereto. This requirement to return documents does not require a party or individual subject to this Confidentiality and Protective Order to produce or destroy any computer archival or backup tapes, archival or backup systems, archival or backup servers, archival or backup files, any information that is only retrievable through the use of specialized tools or techniques typically used by a forensic expert, or any other data that is generally considered not reasonably accessible. Such material shall continue to be treated as Confidential Information under this Confidentiality and Protective Order.

Notwithstanding any provisions of this Protective Order to the contrary, the parties recognize and acknowledge that the Department of Labor (the "Department") (a) may disclose to other state or federal governmental agencies, both civil and criminal, any material within its possession including any Confidential Information covered by this Protective Order, in which case the Department agrees to provide a copy of this Protective Order to any agency receiving material covered by this Protective Order; (b) may be subject to requests calling for the disclosure of material covered by the Protective Order pursuant to the Freedom of Information Act and on other bases, in which case the Department

will provide reasonable notice of any such request in writing to the party or non-party who produced such material in order to give the party or non-party an opportunity to object in writing to the Department's disclosure of such material; and (c) will not destroy or return material containing Confidential Information provided to the Department to the extent that returning or destroying such material would violate any applicable policy, law or regulation.

19. **Ongoing Obligations.** Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) a party or non-party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

20. **Advice to Clients**. This Protective Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to the client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this Protective Order; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party or non-party if such disclosure would be contrary to the terms of this Protective Order.

21. **Duty to Ensure Compliance**. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes

the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

22. **502(d)**. Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product privilege is waived by disclosure connected with this litigation.

23. **Modification and Exceptions**. The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.

24. **Non-Waiver of Rights.** Nothing contained in this Order shall affect the right of any person or party to make any objection, claim, or other response to discovery served on it; shall affect the right of any person or party to make any objection, claim, or other response to any question at a deposition; shall be construed as a waiver of any legally cognizable privilege to withhold any document or information, or of any right which a person or party may have to assert such privilege at any stage of the proceedings; or shall be construed to prejudice the right of any person or party to oppose the admissibility or production of documents or other information on the grounds of lack of relevancy or for any other reason.

Dated: August 16, 2013

_____
Manuel Real
United States District Judge

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I have been provided with a copy of the attached Confidentiality and Protective Order. I have reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed: _____

Printed Name: _____