1  JOSEPH C. FAUCHER (SBN 137353)
   joe.faucher@dbr.com
2  DRINKER BIDDLE & REATH LLP
   1800 Century Park East
3  Suite 1400
   Los Angeles, CA 90067-1517
4  Telephone: (310) 203-4000
   Facsimile: (310) 229-1285
5
   THEODORE M. BECKER (admitted *pro hac vice*)
6  theodore.becker@dbr.com
   JULIE A. GOVREAU (admitted *pro hac vice*)
7  julie.govreau@dbr.com
   DRINKER BIDDLE & REATH LLP
8  191 N. Wacker Drive, Suite 3700
   Chicago, Illinois 60606
9  Telephone: (312) 569-1301
   Facsimile: (312) 569-3301
10
11 Attorneys for Defendant
   GreatBanc Trust Company
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PEREZ, Secretary of the United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> GREATBANC TRUST COMPANY, et al., <br><br> Defendants. | Case No. ED-CV12-1648-R (DTBx) <br><br> **RESPONSE BY GREATBANC TRUST COMPANY TO SECRETARY OF LABOR'S OBJECTION TO GREATBANC TRUST COMPANY'S GRAPHIC AND ILLUSTRATIVE MATERIAL AND MOTION IN LIMINE AND MOTION TO STRIKE [Doc. #107]; DECLARATION OF JOSEPH C. FAUCHER** |

The Secretary of Labor seeks exclusion of certain graphic and illustrative material that Defendant GreatBanc Trust Company ("GreatBanc") disclosed as required by Local Rule 16-3 on November 22, 2013, 11 days before the original trial date. The bases of the Secretary's objection are that: (1) the proposed graphic and illustrative material includes exhibits included within the Confidential Supplemental Disclosure, which the Secretary seeks to exclude as an untimely "rebuttal" report; (2) the graphic exhibits include "substantially new expert analysis" and (3) none of the material in the slides that the Secretary seeks to exclude comes "entirely" from the first expert report issued by GreatBanc's expert witness, Richard May, on September 4, 2013. (See, Objection, Doc. 107, pp. 1-2.) None of these arguments warrant exclusion of any of the graphic and illustrative material disclosed by GreatBanc.

First, there is no requirement that expert witnesses be the source of graphic and illustrative exhibits. The Secretary's argument, therefore, that some of the proposed graphic and illustrative exhibits are not "entirely" from Mr. May's original expert report, is completely irrelevant to the Court's inquiry. The Secretary's own arguments work against him in this regard. He states at page 2 of the Objection:

> For example, slide 13 purports to show a comparison of Sierra Aluminum Company's pre and post-transaction equity and debt levels. This slide combines numbers from both Sierra's financial statements and FMV Opinions, Inc.'s 2006 appraisal report. As this analysis does not appear in Mr. May's first expert report, it is new analysis that goes beyond the bounds of permissible testimony for GreatBanc's expert.

What Plaintiff does not address is why this slide 13 is inadmissible, given the fact that the source of the information set forth in the slide is other evidence in the case beside GreatBanc's expert – namely, "Sierra's financial statements and FMV Opinions, Inc.'s 2006 appraisal report."

The material in all of the other slides that the Secretary seeks to exclude is also derived from material that is or will be in the record regardless of any expert testimony. As a reminder, the Secretary seeks to exclude slides 6-11, 13 and 14. The sources of the information in those slides are as follows:

- Slide 6 is derived from information from the June 20, 2006 report of FMV Opinions, Inc., an exhibit that the Secretary has offered in this case. The information in that slide is not dependent upon testimony of Mr. May.

- The information in Slide 7 comes from the expert witness report of the Secretary's expert, Dana Messina.

- Slide 8 is a quote from the Shannon Pratt treatise on valuation regarding the reliability of using book value as a valuation method. It is an exhibit to the case, and was cited most recently in the Motion by GreatBanc to exclude Mr. Messina's expert witness. It does not depend on expert testimony, and will take no one by surprise.

- Slide 9 compares median "WACC" rates[1] for guideline public companies used in the FMV Opinions, Inc. report, in the expert witness report of the guideline public companies mentioned in the Secretary's expert witness report, and Sierra. The information could easily be obtained simply from cross-examining Mr. Messina at trial.

- Slide 10 compares median implied long-term growth rates for guideline public companies used in the FMV Opinions, Inc. report, in the expert witness report of the guideline public companies mentioned in the Secretary's expert witness report, and Sierra. It does not depend upon any original testimony of Mr. May.

- Slide 11 compares the last 12 months returns on book equity of Sierra versus guideline public companies mentioned in the FMV Opinions, Inc. report,

---

[1] "WACC" stands for weighted average cost of capital.

and the report of the Secretary's expert Mr. Messina. The source of that information is data from the FMV Opinions, Inc. report.

- Slide 12 is a synopsis of Mr. May's 3 primary opinions, as set forth in his September 4, 2013 expert witness report. The content of that slide comes entirely from Mr. May's *original* September 4, 2013 expert witness report. The Secretary does not contend that report was untimely.

- Slide 14 compares the interest rates on the senior debt issued to Sierra with the actual rate on the subordinated "exchange" notes at issue in the subject transaction and the estimated market rates for subordinated exchange notes. The source of the material on that slide is from the FMV Opinions, Inc. report, and the original September 4, 2013 report by Mr. May.

Thus, *none* of the slides that the Secretary seeks to exclude are premised on expert testimony at all. The slides will be admissible whether or not Mr. May testifies about them.

Second, the Secretary piggybacks on a motion he filed on November 4, 2013 (Doc. 63), which sought to exclude GreatBanc's Confidential Supplemental Disclosure, which contained certain opinions of GreatBanc's expert witness, Richard May.[2] The basis of that Motion was that the Supplemental Disclosure, according to the Secretary, constituted an untimely rebuttal expert witness report. Although counsel for GreatBanc conferred with the Secretary's counsel on October 30 and offered to make Mr. May available for further deposition in Washington D.C. (where the Secretary's counsel is located) during the week of November 4, counsel for the Secretary refused that offer. (See Declaration of Joseph C. Faucher filed November 12, 2013, Doc. 122.) The Secretary's excuses for declining this offer were "… that the Court has ordered that discovery in this

---

[2] As of the filing of this Response, the Court has not ruled on this Motion, and no hearing has taken place on the motion which has been continued several times based on stipulations of the parties.

1  case is closed pursuant to Dkt. 44, the Secretary's trial preparation should not be
2  disrupted because GreatBanc forgot about the deadline to submit an expert rebuttal
3  report, it would be unduly burdensome to prepare and take a second deposition of
4  Mr. May one month before trial, and Mr. May's second deposition may create
5  additional discovery issues that we would be foreclosed from pursuing." (See,
6  Declaration of Joseph C. Faucher filed concurrently herewith, Exh. 1 – October 31,
7  2013 e-mail from David M. Ellis to Theodore M. Becker and Joseph C. Faucher.)
8       Thereafter, the trial was continued as a result of the Secretary's failure to file
9  a proper pre-trial conference order, and continued again twice on the Court's own
10  motion.
11       On December 8, 2013, counsel for GreatBanc reconfirmed that GreatBanc's
12  offer to make Mr. May available for further deposition relative to the issues raised
13  in the Supplemental Disclosure remained open. Nine days later, on December 17,
14  2013, counsel for the Secretary again declined this offer. (See, Declaration of
15  Joseph C. Faucher filed concurrently herewith, Exhibit 1.) Now, although more
16  than *six months* have passed since that exchange between counsel for the parties,
17  the Secretary clings to the fiction that he has somehow been "prejudiced" as a
18  result of the Confidential Supplemental Disclosure, notwithstanding the fact that
19  he could have taken Mr. May's further deposition and avoided any claimed
20  prejudice whatsoever as early as November or December, 2013.  Indeed, the
21  Secretary seeks the further deposition of Mr. May as alternative relief in its
22  Motion!  GreatBanc's offer to present Mr. May for further deposition would
23  eliminated any possible prejudice to the Secretary, but the Secretary repeatedly
24  declined that offer.
25       Thus, to the extent the graphic and illustrative material is in any way
26  derivative of the Confidential Supplemental Disclosure, and the Secretary's
27  Objection to that graphic and illustrative material is based on his objections to the
28  Confidential Supplemental Disclosure, the objection should be overruled and the

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE/ 75469255.1

- 5 -

RESPONSE TO SECRETARY'S OBJECTION
TO GRAPHIC AND ILLUSTRATIVE
MATERIAL

proposed graphic and illustrative material should be allowed. The Secretary has not established and cannot establish how he has been "prejudiced" in any way. It was entirely within his counsel's power to avoid any such purported prejudice, but counsel made the calculated decision to roll the dice, avoid taking Mr. May's further deposition, and hope that the Confidential Supplemental Disclosure would be excluded.

Accordingly, GreatBanc respectfully submits that the Secretary of Labor's Objection to the graphic and illustrative material offered by GreatBanc should be overruled and the motion in limine and motion to strike (which were never noticed for hearing by the Secretary) should be denied.

DATED: May 14, 2014

DRINKER BIDDLE & REATH LLP

By: */s/ Joseph C. Faucher*
JOSEPH C. FAUCHER
Attorneys for Defendant GreatBanc Trust Company